UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YULEAMNIS N.M., | No. 1:26-cv-04008-RLP |
| Petitioner, | ORDER GRANTING HABEAS PETITION |
| v. | |
| WARDEN OF THE CENTRAL VALLEY ANNEX DETENTION FACILITY, et al., | |
| Respondents. | |

Before the Court is Petitioner Yuleamnis's[1] ("Petitioner") petition for writ of habeas corpus and motion to appoint counsel. ECF Nos. 1, 2. As set forth below, Petitioner's petition for habeas corpus is granted.

---

[1]The Court uses Petitioner's first name and last initial to protect sensitive personal information.

ORDER GRANTING HABEAS PETITION ~ 1

BACKGROUND

Petitioner is a citizen of Cuba. ECF No. 9 at 5. He entered the United States in October of 2022 in Miami, Florida. *Id*. Petitioner alleges that he has a I-485 adjustment of status application under the Cuban Adjustment Act, which has been pending since February 2024. ECF No. 1 at 7.

Petitioner alleges that on January 8, 2026, he reported to Immigrations Custody and Enforcement (ICE) pursuant to a notice of appointment. *Id*. He was taken into custody and served with a Notice to Appear for an immigration hearing set for January 29, 2026. ECF No. 11, Exh. C. He has since been held at the Central Valley Annex.

On May 22, 2026, Petitioner received a notice of hearing in removal proceedings, set to take place on June 9, 2026. ECF No. 11, Exh. D.

On May 26, 2026, Petitioner filed the instant writ for habeas corpus and motion for a counsel, ECF Nos. 1, 2. Petitioner challenges the lawfulness of his civil detention and seeks immediate release. He claims his detention violates the Immigration and Nationality Act ("INA") and the Fifth Amendment Due Process Clause, and that he is suffering irreparable harm. ECF No. 1. In opposition, Respondent contends Petitioner is an "applicant for admission" subject to the mandatory detention scheme of 8 U.S.C. § 1225(b)(2). ECF No. 9.

//

ORDER GRANTING HABEAS PETITION ~ 2

## LEGAL STANDARD

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., art I, § 9, cl. 2). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and ... the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). A district court's habeas jurisdiction includes challenges to immigration detention. *See Zadvydas v. Davis,* 533 U.S. 678, 687 (2001).

## ANALYSIS

Petitioner contends his prolonged detention without a hearing violates the Due Process clause of the Fifth Amendment. He requests a determination that his detention is not justified and that he be released.

The Fifth Amendment Due Process Clause ensures against the deprivation of an individual's life, liberty, or property without due process of law. U.S. Const. amend. V; *Hernandez v. Sessions,* 872 F.3d 976, 990 (9th Cir. 2017). "[T]he Due Process Clause applies to all 'persons' within the United States, including noncitizens, whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001). The clause extends also

ORDER GRANTING HABEAS PETITION ~ 3

to immigration proceedings, including detention and deportation proceedings. *Id.* at 693-94.

Courts examine procedural due process claims in two steps: the first asks whether there exists a protected liberty interest under the Due Process Clause, and the second examines the procedures necessary to ensure any deprivation of that protected liberty interest accords with the Constitution. *See Kentucky Dep't of Corrections v. Thompson*, 490 U.S. 454, 460 (1989); *Morrissey v. Brewer*, 408 U.S. 471, 481 (1972) ("Once it is determined that due process applies, the question remains what process is due.").

### a.    Protected Liberty Interest

"Freedom from imprisonment—from government custody, detention, or other forms of physical restrain—lies at the heart of the liberty that [the Due Process] Clause protects." *Zadvydas,* 533 U.S. at 690 (citing *Foucha v. Louisiana*, 504 U.S. 71 (1992)). "Even individuals who face significant constraints on their liberty or over whose liberty the government wields significant discretion retain a protected interest in their liberty." *Pinchi v. Noem*, 792 F.Supp.3d 1025, 1032 (N.D. Cal. 2025).

The Court finds Petitioner has a clear liberty interest in his continued freedom protected by the Due Process Clause. Petitioner has no criminal history and there appears to be no lawful basis for his continued detention. The Court

ORDER GRANTING HABEAS PETITION ~ 4

therefore finds that Petitioner has a liberty interest protected by the Constitution.

### b.   Process Required

The Court is to consider three factors in determining the process required by the Constitution: (1) "the private interest that will be affected by the official action;" (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards;" and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976).

As to the first factor, Petitioner has a substantial private interest in his own liberty. He has been detained for four months without a hearing. Accordingly, this factor weighs in favor of finding Petitioner has a significant private interest that has been affected by his detention.

As to the second factor, the risk of erroneous deprivation of Petitioner's liberty interest is considerable. Petitioner has not received a bond or custody determination. Because civil immigration detention is "nonpunitive in purpose and effect," due process requires that a "special justification" outweigh Petitioner's protected liberty interest. *Zadvydas*, 533 U.S. at 690. While "[t]he government has legitimate interests in protecting the public and in ensuring that noncitizens in

ORDER GRANTING HABEAS PETITION ~ 5

removal proceedings appear for hearings," Petitioner alleges that he has received virtually no procedural safeguards, which Respondent has failed to dispute. *Hernandez*, 872 F.3d 976. Respondent has not alleged that Petitioner is a danger to the public or a flight risk. Petitioner claims to have a work permit, social security, and a driver's license. ECF No. 1 at 7. He has applications pending under the Cuban Adjustment Act and was paroled by ICE in 2024. ECF No. 1 at 26. He appears to have no criminal history. ECF No. 11. Respondents fail to dispute or argue Petitioner's allegations. Accordingly, the second factor weighs in Petitioner's favor. *See A.E. v. Andrews*, 2025 WL 1424382, at *5 (E.D. Cal. May 16, 2025).

As to the third factor, Respondent has not provided any justification for detaining Petitioner. While the Court recognizes that the Government may have an interest in enforcement of immigration laws, its interest in continued detention without procedural protections is "low." *Ortega v. Bonnar*, 415 F. Supp. 3d 963, 970 (N.D. Cal. 2019). The cost required to provide Petitioner procedural safeguards is minimal. *See Doe v. Becerra*, 787 F. Supp. 3d 1083, 1094 (E.D. Cal. 2025). Notice and custody determination hearings are routine processes for Respondent and are indeed the very processes required under § 1226(a). Any burden associated with the provision of these processes does not outweigh Petitioner's substantial liberty interest and the risk of erroneous deprivation.

Because the *Matthews* factors weigh in favor of Petitioner, the Court finds

ORDER GRANTING HABEAS PETITION ~ 6

Petitioner was entitled to notice and a hearing before a neutral decisionmaker prior to his detention. Having received neither, Petitioner's continued detention violates the Fifth Amendment Due Process Clause.

Having found due process requires Petitioner's immediate release, the Court need not analyze the issue of whether the INA was violated. However, this Court joins countless other courts in concluding Respondent's argument that 1225(b) mandates Petitioner's continued detention without a bond hearing "(1) disregards the plain meaning of section 1225(b)(2)(A); (2) disregards the relationship between sections 1225 and 1226; (3) would render a recent amendment to section 1226(c) superfluous; and (4) is inconsistent with decades of prior statutory interpretation and practice." *Lepe v. Andrews*, 801 F.Supp.3d 1104, 1112 (E.D. Cal. 2025) (collecting cases).

**Accordingly, IT IS ORDERED:**

1. The petition for writ of habeas corpus, **ECF No. 1**, is **GRANTED.**

2. The motion to appoint counsel, **ECF No. 2**, is **DENIED as moot.**

3. Respondent must **IMMEDIATELY RELEASE** Petitioner (A # 240093614) from custody. At the time of release, Respondent must return all of Petitioner's documents and possessions and shall not impose any additional restrictions on him as a condition of his release. Respondent must file a notice certifying compliance with this provision of the Court's Order within two (2) court

ORDER GRANTING HABEAS PETITION ~ 7

days from the date of this Order.

4.   Respondent is ENJOINED AND RESTRAINED from re-arresting or re-detaining Petitioner absent compliance with constitutional protections, including seven-days' notice and a pre-deprivation hearing before a neutral fact-finder where (a) Respondent shows material changed circumstances demonstrate a significant likelihood of Petitioner's removal in the reasonably foreseeable future, or (b) Respondent demonstrates by clear and convincing evidence that the Government's interest in protecting the public and/or ensuring Petitioner appears at future immigration proceedings outweighs Petitioner's constitutionally protected interest in remaining free from detention. *See Zadvydas*, 533 U.S. at 690; *Hernandez*, 872 F.3d at 990. At any such hearing, Petitioner shall be allowed to have counsel present.

5.   The security bond requirement of Federal Rule of Civil Procedure 65(c) is waived. Courts regularly waive security in cases like this, and the government has not established a need to impose a security bond

**IT IS SO ORDERED.** Judgment shall be entered in favor of Petitioner and a copy of this order shall be transmitted to Petitioner by mail.

DATED June 1, 2026



REBECCA L. PENNELL
UNITED STATES DISTRICT JUDGE

ORDER GRANTING HABEAS PETITION ~ 8